UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRICE D. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 9828 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| EVANSTON/SKOKIE COMMUNITY | ) | |
| CONSOLIDATED SCHOOL DISTRICT 65, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In her original complaint, Demetrice D. Griffin alleged that her employer, Evanston/Skokie Community Consolidated School District 65, and two of its officials discriminated against her based on her disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, her national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, and her sex, in violation of Title VII, by failing to reinstate her to her position as a crisis intervention teacher after she returned from a leave of absence. Doc. 1. On Defendants' motion under Federal Rule of Civil Procedure 12(b)(6), the court dismissed all claims against the individual defendants as well as the ADA and national origin claims against the District. Doc. 21. Griffin's second amended complaint, which names only the District as a defendant, alleges sex discrimination under Title VII and race discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983. Doc. 35 at ¶¶ 9-11. The District has moved under Rule 12(b)(6) to dismiss the sex discrimination claim. Doc. 37. The motion is granted.

**Background**

In considering the District's motion, the court assumes the truth of the second amended complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the [second amended] complaint, documents that are critical to the [second amended] complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Griffin's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Griffin as these materials allow. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Griffin, an African-American female, was employed by the District as a crisis intervention teacher at Rice Children's Center. Doc. 35 at ¶ 3. After she took a leave of absence "due to sickness," the District "failed to restore" her to that position. *Id*. at ¶¶ 15-17. Instead, Griffin worked as a classroom teacher at other schools in the District, earning a salary lower than the salary she had earned as a crisis intervention teacher. *Id*. at ¶¶ 3, 18. Griffin did not receive any promotions, and nor was she hired for positions in which she was interested. *Id*. at ¶¶ 13-14. Rice Children's Center has a 95% African-American student population and does not employ any African-American teachers. *Id*. at ¶ 22.

The District treated "similarly-situated males and members of other ethnic groups" more favorably than Griffin, going "so far as to hire males and members of other ethnic groups for positions which [the District] knew [Griffin] was interested in without so much as publishing the job opening and allowing all District employees to fairly and openly compete for the positions."

*Id*. at ¶¶ 19-20. The District filled at least two positions comparable to that of a crisis intervention teacher without publicizing those openings. *Id*. at ¶ 21.

On August 28, 2012, Griffin filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against the District. *Id*. at ¶ 6. The second amended complaint references the EEOC charge and alleges that "a copy … is contained in the files of this case." *Id*. at ¶¶ 6-7. That allegation is incorrect, as a copy of Griffin's EEOC charge had not been filed in this case at the time she filed the second amended complaint. The District's motion to dismiss does attach a copy of the EEOC charge, Doc. 39-1 at 5, and the court will consider the charge here because it is referenced in Griffin's second amended complaint and central to her claim, and also because it is subject to judicial notice. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (holding that the court may consider "documents attached to a motion to dismiss ... [as] part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim") (internal quotation marks omitted) (alterations omitted); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 n.7 (9th Cir. 2000) (taking judicial notice of an administrative complaint filed with the Alaska State Commission for Human Rights); *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010) (taking judicial notice of an EEOC charge) (citing cases).

Griffin's EEOC charge checks only the boxes for discrimination based on race and disability; it does not check the box for discrimination based on sex. Doc. 39-1 at 5. The charge then sets forth the following narrative:

> I was hired by Respondent on or around August 1987. I currently work as an Inclusion Model Teacher at Orrington. During my employment, I have been subjected to different terms and conditions, including but not limited to being denied a transfer to Rice Children's Center on numerous occasions.

> I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> I also believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

*Ibid*. Griffin does not contend that she amended this charge or that she filed a new charge alleging sex discrimination.

On September 10, 2012, the EEOC sent Griffin a right to sue notice. Doc. 35 at ¶ 8; Doc. 39-1 at 2. Griffin filed this suit on December 10, 2012. Doc. 1.

**Discussion**

Griffin's second amended complaint brings her sex discrimination claim exclusively under Title VII (Doc. 35 at ¶ 10), and Griffin's brief in opposition to the District's motion to dismiss (Doc. 48) does not argue, let alone suggest, that she meant to bring that claim under any other statute. The District seeks dismissal of the sex discrimination claim on the ground that Griffin failed to exhaust her administrative remedies. "Failure to exhaust administrative remedies is an affirmative defense." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Although "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses, … when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

A plaintiff must present in her EEOC charge any Title VII claim she later wants to pursue in federal court. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC.") (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995)); *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (same).

This exhaustion rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved. … For allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted). A Title VII plaintiff may "proceed on claims not explicitly set forth in a charge of discrimination if the claim is 'like or reasonably related' to the EEOC charges, and the claim in the complaint reasonably [could] be expected to grow out of an EEOC investigation of the charge[]." *Peters*, 307 F.3d at 550 (internal quotation marks omitted); *see Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000); *Cheek*, 31 F.3d at 500. To satisfy the "alike or reasonably related" standard, "the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Peters*, 307 F.3d at 550 (internal quotation marks omitted); *see Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001); *Cheek*, 31 F.3d at 501.

It is beyond dispute that Griffin's EEOC charge does not explicitly allege a sex discrimination claim. The dispositive question here, then, is whether the claims explicitly set forth in Griffin's EEOC charge are "like or reasonably related" to the sex discrimination claim alleged in her second amended complaint, such that the sex discrimination claim can "reasonably [have been] expected to grow out of an EEOC investigation of the charge[]." *Peters*, 307 F.3d at 550. Griffin's EEOC charge alleges only that the District discriminated against her "because of [her] race" and "because of [her] disability," and describes the allegedly discriminatory conduct in just one sentence, stating that she was "subjected to different terms and conditions, including

5

but not limited to being denied a transfer to Rice Children's Center on numerous occasions." Doc. 39-1 at 5.

The factual allegations in Griffin's charge are insufficient to satisfy the "like or reasonably related" standard for purposes of her sex discrimination claim. In *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164 (7th Cir. 1976) (en banc), the plaintiff failed to check the sex discrimination box on her EEOC charge and later sought to bring a sex discrimination claim in federal court. *Id*. at 167. The Seventh Circuit allowed the sex discrimination claim to proceed in court because the plaintiff's EEOC charge contained sufficient factual allegations from which the sex discrimination claim could grow. *Id*. at 169. The charge stated in relevant part:

> I feel that I am being discriminated in the terms and conditions of my employment because of my race, Negro. I have worked for Blue Cross and Blue Shield approx. 3 years during which time I (had) no problem until May 1970 when I got my natural hair style. Later when I came up for promotion it was denied because my supervisor, Al Frymier, said I could never represent Blue Cross with my Afro. *He also accused me of being the leader of the girls on the floor*.

*Id*. at 167 (emphasis added). Focusing on the allegation that the plaintiff's supervisor "accused [her] of being the leader of the girls on the floor," the Seventh Circuit concluded that, in addition to race discrimination, the EEOC charge "also charge[s] sex discrimination." *Id*. at 169.

By contrast to the plaintiff in *Jenkins*, who made a gender-based allegation in her EEOC charge, Griffin's EEOC charge does not so much as hint at her gender. It is impossible to infer from Griffin's charge that her gender played any role in the District's allegedly discriminatory actions. It follows that the sex discrimination claim in Griffin's second amended complaint is not like or reasonably related to the allegations in her EEOC charge. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003) (holding that "[t]here is nothing about [the

plaintiff's] EEOC charge that would reasonably lead one to conclude that [she] was a victim of age discrimination," as "[s]he doesn't mention age anywhere in the charge," "the age-discrimination box is unchecked, and, in describing the charge, she doesn't specify the ages of other employees who allegedly received more favorable treatment … nor any other facts that might have alerted the EEOC to the claim"); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575-76 (7th Cir. 1998) (holding that the allegations in the plaintiff's EEOC charge were not reasonably related to the ADA disability discrimination claim in his federal complaint because "[the plaintiff] did not support his charge with specific facts" and "made factual allegations that could only support one kind of discrimination—discrimination based on age"); *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202-03 (7th Cir. 1996) ("The allegations in Cheek's EEOC complaint, which asserted only disparate treatment and did not in any way advert to sexual harassment, are completely unrelated to those that underlie her harassment charges. … Not having raised the [harassment] claim or even its seeds before the EEOC, Cheek was not entitled to bring it in her Title VII action."); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (holding that "the racial harassment claims [in the federal complaint] were never properly presented to the EEOC" because the plaintiff's EEOC charge did not contain specific facts supporting a race discrimination claim). Therefore, Griffin's sex discrimination claim was not exhausted and must be dismissed.

Griffin contends that the motion to dismiss "should be denied under the doctrine of waiver" because the District did not seek to dismiss the sex discrimination claim when moving to dismiss the original complaint. Doc. 48 at 2. Griffin does not cite authority for this "waiver" argument, and nor is the court aware of any precedents holding that waiver occurs when a defendant does not move to dismiss a claim on exhaustion grounds at the first possible

7

opportunity. Griffin has therefore forfeited her waiver argument. *See Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011) (where the party "cited no relevant legal authority to the district court to support the proposition … the argument is waived"); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (internal quotation marks omitted); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407-08 (7th Cir. 2007) ("We agree with the district court's determination that [the plaintiff] waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to [the defendant's] motion for summary judgment."), *aff'd on other grounds*, 553 U.S. 442 (2008).

The dismissal of Griffin's sex discrimination claim is without prejudice. The Seventh Circuit has explained that "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 n.11 (7th Cir. 1989). This principle applies to dismissals for failure to exhaust employment discrimination claims before the EEOC; such dismissals are without prejudice to the plaintiff bringing her claim to federal court upon exhausting the unexhausted claims. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Hill v. Potter*, 352 F.3d 1142, 1145-46 (7th Cir. 2003).

That said, there may be no practical distinction here between a dismissal with prejudice and a dismissal without prejudice because the 300-day window for Griffin to file an EEOC charge alleging sex discrimination has likely expired. *See Nagle v. Vill. of Calumet Park*, 554

F.3d 1106, 1121 n.4 (7th Cir. 2009) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.") (quoting *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 395 (7th Cir. 1999)); *Brown v. Ill. Dep't of Natural Res.*, 499 F.3d 675, 681 n.5 (7th Cir. 2007) (same). So if Griffin files a fresh EEOC charge encompassing the sex discrimination claim and then attempts to pursue that claim in federal court, the claim likely will be dismissed with prejudice on limitation grounds, unless the continuing violation doctrine applies or there is some basis for tolling the limitations period. *See Smith v. Union Pac. R.R. Co.*, 474 F. App'x 478, 480 (7th Cir. 2012) (holding that the plaintiff's claim must be dismissed for untimeliness because he "did not file his charge until 2009, well after the 300-day filing period expired"); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 241 (7th Cir. 2004) ("Stepney's EEOC charge, filed more than 600 days after the accrual of his claims, was untimely and that untimeliness bars the present action."); *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892-93 (7th Cir. 2001) ("[t]he district court correctly found that these claims were barred by the Title VII statute of limitations" where the EEOC charge "was filed more than 300 days" after the plaintiff should have known of the alleged discrimination). This discussion is hypothetical at this point, as Griffin has not yet attempted to exhaust her sex discrimination claim.

## Conclusion

For the foregoing reasons, the District's motion to dismiss is granted, and the sex discrimination claim is dismissed without prejudice.

December 3, 2013

United States District Judge