UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRICE D. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 9828 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| EVANSTON/SKOKIE CONSOLIDATED SCHOOL DISTRICT 65, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In the operative complaint, Demetrice D. Griffin alleges that her employer, Evanston/Skokie Community Consolidated School District 65, engaged in race and sex discrimination in violation of 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. 35. The court dismissed Griffin's sex discrimination claim under Federal Rule of Civil Procedure 12(b)(6). Docs. 51-52 (reported at 2013 WL 6255225 (N.D. Ill. Dec. 3, 2013)). After discovery closed, the District moved for summary judgment on the race discrimination claim. Doc. 53. The briefing schedule required Griffin to respond to the motion by February 12, 2014. Doc. 50. On May 26, 2013, nearly fourteen weeks after the due date, Griffin (through counsel) filed a three-page opposition brief without requesting an extension of time and without including any Local Rule 56.1 submissions. Doc. 65. The District's motion is granted.

**Background**

Consistent with the local rules, the District filed a Local Rule 56.1(a)(3) statement of undisputed facts along with its summary judgment motion. Doc. 55. Each factual assertion in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by

1

the cited material.  *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.").  Although Griffin filed a brief opposing summary judgment, Doc. 65, she did not file a Local Rule 56.1(b)(3)(B) response to the District's Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts.

"[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and alterations omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("[w]e have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("we have ... repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1") (alteration omitted).  Accordingly, the court will accept as true the facts set forth in the District's Local Rule 56.1(a)(3) statement, viewing those facts and inferences therefrom in the light most favorable to Griffin.  *See* N.D. Ill. L.R. 56. 1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance

with a local rule, the district court justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement."); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); *Koszola*, 385 F.3d at 1108-09; *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant. The ultimate burden of persuasion remains with [the movant] to show that it is entitled to judgment as a matter of law." *Raymond*, 442 F.3d at 608 (internal citation omitted). The court therefore will recite the facts in the District's Local Rule 56.1(a)(3) statement and then proceed to determine whether, on those facts, the District is entitled to summary judgment.

The District consists of ten elementary schools, three middle schools, two magnet schools, the Park School, Rice Children's Center, and the Early Childhood Center. Doc. 55 at ¶ 2. Griffin, an African-American female, began her employment with the District in September 1987 as a Learning Resource Program teacher at Chute Middle School. *Id*. at ¶¶ 1, 4. In Fall 2008, following several transfers within the District and two leaves of absence, Griffin was assigned to a position at Orrington Elementary School, where she continues to work. *Id*. ¶¶ 5-6, 9-11, 25.

Griffin held a teaching position at Rice from 1996 to 2001. *Id*. at ¶¶ 6, 9. Rice is a school located on the grounds of a residential facility that serves emotionally disturbed children who are wards of the State and who are unable to attend school in a general education setting. *Id*. at ¶ 3. Jaunitta Thompson, an African-American woman, became the Principal of Rice in 1999, and in that capacity she supervised Griffin from 1999 to 2001. *Id*. at ¶¶ 7-8. Thompson

found Griffin unprofessional and difficult to work with, and she observed Griffin violate school policy and verbally intimidate other staff members. *Id*. at ¶ 8. Griffin took a medical leave of absence in June 2001 and returned to work with the District in September 2003, when she was given a resource teacher position at Haven Middle School. *Id*. at ¶ 9.

Griffin submitted a request for a voluntary transfer to Rice for the 2009-2010 school year, but the District denied her request. *Id*. at ¶ 12. There were two vacant teaching positions at Rice for that school year, and Thompson selected Emily McCaffrey and Nancy Zordan to fill the vacancies. *Id*. at ¶ 13. Thompson selected McCaffrey because she was impressed with McCaffrey's performance, dedication, commitment to working with students, and enthusiasm as a Teaching Assistant at Rice the previous year. *Id*. ¶ 14. Thompson selected Zordan, a teacher with the District since 1981, because she was satisfied with her previous experiences working with Zordan and because she viewed Zordan as a skilled special education teacher who was committed to her students and who worked effectively with both teachers and administrators. *Id*. at ¶ 15. Thompson did not select Griffin because she believed Griffin to be less qualified than McCaffrey and Zordan based on her experience supervising Griffin from 1999 to 2001. *Id*. at ¶ 16.

Griffin again submitted a request for a voluntary transfer to Rice for the 2010-2011 school year, but the request was not considered because Griffin submitted it after the deadline. *Id*. at ¶ 17. Griffin did not submit a request for the 2011-2012 school year because her supervisor offered her several other positions. *Id*. at ¶ 18. There were two vacant teaching positions at Rice for the 2012-2013 school year, but they were not posted because two teachers, Susan Fisher and Miriam Sherman, were transferred to Rice as part of a realignment of the special education function within the District. *Id*. at ¶ 19. Fisher had been a teacher with the

District since 1983, and Sherman had been with the District since 1990. *Id*. at ¶ 22. Thompson agreed to fill the 2012-2013 vacancies with Fisher and Sherman upon consideration of recommendations from the District's Director of Special Services and its Assistant Superintendent of Magnet & Middle Schools. *Id*. at ¶ 20. The District's Human Resources Director also agreed that Fisher's and Sherman's skills and abilities were the best fit for Rice's student population and approved the assignments. *Id*. at ¶ 21. The decision to administratively assign Fisher and Sherman to Rice was made in April 2012, before Griffin submitted her request in May 2012 for a voluntary transfer to Rice for the 2012-2013 school year. *Id*. at ¶ 23. Griffin did not apply for a transfer to Rice for the 2013-2014 school year because the District's Superintendent asked Griffin to remain in her current position at Orrington. *Id*. at ¶ 24.

## Discussion

Employment-related race discrimination claims under § 1983 and § 1981 are analyzed under the Title VII framework, so the court will simplify by referring only to Title VII doctrine and precedents. *See Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013); *Smith v. Bray*, 681 F.3d 888, 895-96 & n.2 (7th Cir. 2012); *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 850 n.7 (7th Cir. 2010) ("The same requirements for proving discrimination apply to claims under Title VII, § 1981, and § 1983."). A Title VII race discrimination plaintiff may seek to defeat summary judgment under the direct and indirect methods of proof. *See Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012); *Rodgers v. White*, 657 F.3d 511, 516-17 (7th Cir. 2011). Griffin's brief does not say whether she is proceeding under the direct or indirect method, so the court will consider both. *See Morgan*, 724 F.3d at 997. As noted above, the relevant facts being those set forth in the District's Local Rule 56.1(a)(3) statement. *See Koszola*, 385 F.3d at

1109 ("a district court is entitled to decide the motion based on the factual record outlined in the Local Rule 56.1 statements") (brackets and internal quotation marks omitted).

"Under the 'direct method,' the plaintiff may avoid summary judgment by presenting sufficient evidence, either direct or circumstantial, that the employer's discriminatory animus motivated an adverse employment action." *Coleman*, 667 F.3d at 845. The appropriate focus under the direct method "is not whether the evidence offered is direct or circumstantial but rather whether the evidence points directly to a discriminatory reason for the employer's action." *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008) (internal quotation marks omitted); *see also Morgan*, 724 F.3d at 997 ("The plaintiff's task in opposing a motion for summary judgment is straightforward: he must produce enough evidence, whether direct or circumstantial, to permit the trier of fact to find that his employer took an adverse action against him because of his race."); *Everett v. Cook Cnty.*, 655 F.3d 723, 729 (7th Cir. 2011); *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 672 (7th Cir. 2011). "Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption. In short, direct evidence essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus." *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004) (citations and internal quotation marks omitted); *see also Morgan*, 724 F.3d at 995; *Coleman*, 667 F.3d at 860; *Everett*, 655 F.3d at 729; *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011). Not surprisingly, the District's Local Rule 56.1(a)(3) statement contains no facts that could constitute direct evidence of race discrimination.

"A plaintiff can also prevail under the direct method of proof by constructing a 'convincing mosaic' of circumstantial evidence that allows a jury to infer intentional

discrimination by the decisionmaker. That circumstantial evidence, however, must point directly to a discriminatory reason for the employer's action." *Rhodes*, 359 F.3d at 504 (citations and internal quotation marks omitted); *see also Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014); *Perez v. Thorntons, Inc.*, 731 F.3d 699, 710 (7th Cir. 2013); *Morgan*, 724 F.3d at 995-96; *Brown v. Advocate S. Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012); *Everett*, 655 F.3d at 729 (explaining that circumstantial evidence is "evidence that points to discriminatory animus through a longer chain of inferences"). Circumstantial evidence typically falls into one of three categories: "(1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action." *Diaz*, 653 F.3d at 587; *see also Chaib*, 744 F.3d at 982; *Perez*, 731 F.3d at 711; *Morgan*, 724 F.3d at 996; *Coleman*, 667 F.3d at 860; *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 734 (7th Cir. 2011). To overcome summary judgment, circumstantial evidence need not "combine to form a tidy, coherent picture of discrimination, in the same way the tiles of a mosaic come together to form a tidy, coherent image, in order for a plaintiff to survive summary judgment." *Morgan*, 724 F.3d at 997. Rather, "[i]f the plaintiff can assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action, then summary judgment for the defendant is not appropriate, and the plaintiff may prevail at trial even without producing any 'direct' proof." *Id*. at 996.

The District's Local Rule 56.1(a)(3) statement contains no circumstantial evidence that the District engaged in intentional discrimination. And Griffin's brief argues not that there is direct or circumstantial evidence of intentional discrimination, but rather that she can prevail on

a disparate impact theory. Doc. 65 at 1-3. The disparate impact theory allows recovery under Title VII for "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 986 (7th Cir. 2001); *see also Reidt v. Cnty. of Trempealeau*, 975 F.2d 1336, 1340 (7th Cir. 1992) (citing *Dothard v. Rawlinsoni*, 433 U.S. 321, 329 (1977)).

Griffin's disparate impact claim fails on two separate grounds. First, she does not identify any "facially neutral" policy allegedly has caused a disparate impact on the District's African-American employees. *See Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) ("[I]it is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities.") (internal quotation marks omitted); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012) (same). Second, Griffin does not offer any statistical evidence showing that the District's facially neutral policies (whatever they may be) have actually had a disparate impact on African-Americans. *See Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 994-95 (1988) ("Once the employment practice at issue has been identified, causation must be proved; that is, the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group."); *Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005) (holding that to prove a Title VII disparate impact claim, "the plaintiff must … demonstrate causation by offering statistical evidence of a kind and degree sufficient to show that the practice in question has caused the [disparate impact] because of their membership in a

protected group") (internal quotation marks omitted); *Bennett v. Roberts,* 295 F.3d 687, 698 (7th Cir. 2002) (same); *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir. 1996) (noting that the plaintiff's claim would fail because "a disparate impact theory of discrimination [under Title VII] requires the plaintiff to put forth statistical evidence … that the challenged employment practice has a disproportionately negative effect"); *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 513 (7th Cir. 1996) (same); *Adams v. Lucent Techs., Inc.*, 284 F. App'x 296, 304 (6th Cir. 2008) (holding that the plaintiff's "complete failure to make any such statistical showing [of causation] is fatal to [the disparate impact] claim") (internal quotation marks omitted).

It is true that Griffin's brief asserts that the District "has hired five special education teachers at Rice" and that "[u]pon information and belief, all of these persons are Caucasian." Doc. 65 at 2-3. Putting aside the question of statistical significance, Griffin's submission fails because the District's Local Rule 56.1(a)(3) statement does not identify the race of the teachers hired at Rice and, as noted above, Griffin has not filed any Local Rule 56.1(b) submissions of her own. The summary judgment record accordingly says nothing about the race of those teachers. *See Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to the district court"); *Gray v. Cannon*, 974 F. Supp. 2d 1150, 1162 (N.D. Ill. 2013) ("Under settled law, facts asserted in a brief but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion.") (internal quotation marks omitted); *Curtis v. Wilks*, 704 F. Supp. 2d 771, 789 (N.D. Ill. 2010) ("Any facts plaintiffs assert in their response brief that were not included in their LR 56.1 submissions will not be considered."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("facts

are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material").

Griffin complains that she served interrogatories on the District asking for the ethnicity of the teachers hired at Rice but that the District refused to produce that information. Doc. 65 at 3. Because Griffin never moved to compel that discovery, she cannot now use the District's alleged production failure to forestall summary judgment. *See McQueen v. City of Chicago*, 2014 WL 1715439, at *5 (N.D. Ill. Apr. 30, 2014); *Jungiewicz v. Allstate Ins. Co.*, 2014 WL 1292121, at *1 (N.D. Ill. Mar. 31, 2014) (refusing to draw an adverse inference on summary judgment where the plaintiff argued that the defendant had withheld certain evidence, reasoning that the plaintiff "failed to pursue any motion to compel the production of such evidence"); *Zingerman v. Freeman Decorating Co.*, 2003 WL 22057032, at *1 (N.D. Ill. Sept. 3, 2003) ("If there are problems during discovery, the appropriate response is first to seek to resolve the issue among the parties and, if that fails, then to bring the issue to the attention of the Court with an appropriate motion (e.g. Motion to Compel or Motion for Sanctions). Bringing discovery issues to the Court's attention in response to a Motion for Summary Judgment is a backwards approach that is unlikely to be met favorably.").

Griffin does not invoke the indirect method articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-05 (1973), and she could not prevail even if she had. The indirect method has three steps. The plaintiff first must make a prima facie case of discrimination, which requires her to establish that (1) she is a member of a protected class, (2) she was qualified for an open position for which she applied, (3) her application was rejected, and (4) either another similarly situated individual who was not in the protected class was placed in the position, or the position remained open and the employer continued to seek applicants

from persons of the plaintiff's qualifications. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 431 (7th Cir. 2010). If the plaintiff makes a prima facie case, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant articulates such a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff, who must provide evidence that the defendant's stated reason is pretextual. *Id.* at 804-05. "Pretext is more than just faulty reasoning or mistaken judgment on the part of the employer; it is a lie, specifically a phony reason for some action." *Silverman*, 637 F.3d at 743-44 (brackets and internal quotation marks omitted).

Griffin cannot establish a prima facie case of discrimination. With respect to the second element, Griffin cannot show that she was qualified for the position at Rice given Thompson's dissatisfaction with her performance and Thompson's observations that Griffin violated school policy and verbally intimidated other staff members. *See Naik v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 627 F.3d 596, 600 (7th Cir. 2010) (holding that the plaintiff, to meet his burden of showing that he met his employer's legitimate expectations, "must show that he was meeting BIPI's expectations at the time of his termination, which includes evidence that he did not violate BIPI's policies"); *Mateu-Anderegg v. Sch. Dist. of Whitefish Bay*, 304 F.3d 618, 626 (7th Cir. 2002) (holding that a teacher failed to meet the school district's legitimate expectations due, in part, to her "poor relationship with other staff members, and a failure to comply with the expectations and responsibilities as a teacher"). Griffin also cannot satisfy the fourth element because (as noted above) the summary judgment record does not identify the race of the teachers hired at Rice. *See McGowan v. Deere & Co.*, 581 F.3d 575, 580 (7th Cir. 2009) ("Because [the plaintiff] is unable to demonstrate that a similarly-situated person not in the protected class was

treated more favorably than he was, he cannot make out a *prima facie* case of racial discrimination."). Moreover, Griffin offers no evidence or even argument that her qualifications and experience made her similarly situated to those other teachers. *See Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751 (7th Cir. 2006) ("In order for an individual to be similarly situated to the plaintiff, the plaintiff must show that the individual is directly comparable to her in all material respects. Factors relevant to this inquiry include whether the employees … had comparable education, experience and qualifications.") (internal quotation marks and citations omitted); *Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1061 (7th Cir. 2008) ("[To establish the "similarly situated" prong,] the comparator must … be similar enough 'to eliminate confounding variables, such as differing roles [or] performance histories … [so as to] isolate the critical independent variable…"). Griffin's failure in this respect operates as a forfeiture. *See Domka v. Portage Cnty.*, 523 F.3d 776, 783 (7th Cir. 2008) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.") (internal quotation marks omitted); *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 407 (7th Cir. 2007) ("We agree with the district court's determination that [the plaintiff] waived (forfeited would be the better term) his discrimination claim by devoting only a skeletal argument in response to Cracker Barrel's motion for summary judgment."), *aff'd on other grounds*, 553 U.S. 442 (2008).

Even if Griffin could make a prima facie case, she could not show that the District's reasons for denying her requests to transfer to Rice were pretextual. The District submits that Griffin's request for the 2009-2010 school year was denied because McCaffrey and Zordan were more qualified, that her request for the 2010-2011 school year was denied because she submitted her request after the deadline, and that her request for the 2012-2013 school year was denied

because she submitted her request a month after the positions were filled by highly qualified teachers as part of a District-wide realignment. There is nothing in the record that suggests, let alone shows, that any of the District's reasons were "a lie" or "a phony reason" for its decisions. *Silverman*, 637 F.3d at 743-44.

**Conclusion**

Because Griffin does not satisfy either the direct or indirect methods, and because she cannot satisfy the requirements of a disparate impact claim, the District's motion for summary judgment is granted.

June 10, 2014

_____
United States District Judge

13